David E. Ringler v. Commissioner, Respondent.
Ringler v. Commissioner
Docket Nos. 32284, 37778.
United States Tax Court
1952 Tax Ct. Memo LEXIS 129; 11 T.C.M. (CCH) 772; T.C.M. (RIA) 52234; July 28, 1952
*129 Held: Petitioner fraudulently understated his taxable income. James A. Scott, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in income tax and additions to the tax, as follows: Docket No. 32284
50% Fraud
Additional
Deficiency
25%
Penalty per
Increase in
50% Fraud
per Notice
Delinquency
Notice of
Deficiency
Penalty per
of Defi-
Penalty -
Deficiency -
per Amended
Amended
Year
ciency
291(a)
293(b)
Answer
Answer
1943
$2,849.87
$712.47
$1,424.94
None
None
1944
1,834.43
917.22
$ 409.81
$204.91
1945
2,233.49
1,116.75
198.36
99.18
1946
1,615.55
807.78
86.87
43.44
1947
1,065.42
532.71
1,873.81
936.91
Docket No. 37778
50% Fraud
Year
Deficiency
Penalty
1948
$ 199.00
$ 99.50
1949
2,975.41
1,487.71
The increased deficiencies and penalties were duly claimed by respondent, as provided by statute. Although duly notified of the place and date of hearing, petitioner did not attend the hearing and offered no proof. Respondent thereupon moved for judgment as to those items *130 on which the petitioner had the burden of proof, i.e., the several deficiencies and the addition to the tax of 25 per cent for the year 1943 for failure to file a return. There being no countervailing evidence on these items, and the burden being on petitioner, respondent is sustained as to all of the deficiencies and the addition to the tax for 1943. Having the burden of proof of matter affirmatively pleaded and on the question of fraud, the respondent proceeded with the proof. For the years 1944 to 1949, inclusive, petitioner filed returns which showed no liability in tax, as appears in the following tabular statement: Net Income
Tax Liability
Year
Per Return
Per Return
1944
$ 540.00 None
1945
(1,040.00)
None
1946
485.88 None
1947
(3,924.00)
None
1948
(1,973.00)
None
1949
( 506.00)
None
Petitioner knew his returns were incorrect. His records were incomplete and inadequate. In this situation, respondent determined petitioner's net worth, the increase in net worth, and the total additions to income, as follows: As of
December 31
1942
1943
1944
1945
1946
1947
Net worth -
end of year
$7,246.05
$15,021.03
$22,324.96
$30,135.96
$36,760.38
$43,839.28
Increase in
net worth
7,774.98
7,303.93
7,811.00
6,624.42
7,078.90
Gross Income
Computed
10,349.98
9,203.93
9,711.00
8,524.42
8,978.90
Gross Income
Reported
No. Ret.
540.00
1,040.00
485.88
3,924.00
Total
Additions to
Income
10,349.98
8,663.93
10,751.00
8,038.54
12,902.90
*131 In a financial statement dated June 9, 1947, petitioner represented his net worth to be $43,000 as of that date. By Amended Answer, respondent asserted additional deficiencies and penalties. The issues arising from the above facts, as to which respondent has the burden of proof, are: (1) Were the petitioner's real estate gains in the years 1944 to 1947, inclusive, taxable at ordinary income rates rather than as capital gains, with the result that the deficiencies should be increased for such years? (2) Should the petitioner's taxable net income for the year 1947 be further increased by $4,300 to reflect the purchase price of certain property not included as an asset in respondent's net worth calculations? (3) Is the petitioner liable for 50 per cent fraud penalty for each of the years 1943 to 1949, inclusive? As to issue No. 1 above, the proof submitted by respondent is not sufficient to establish the issue raised. Accordingly, we are unable to find from the evidence that petitioner's real estate gains are taxable at ordinary income rates rather than as capital gains. In issue No. 2, the same situation obtains. The proof submitted does not establish respondent's position *132 and accordingly on this issue we find for petitioner. Issue No. 3 relates to the charge of fraud as to all of the years. Fraud must be proved by clear and convincing evidence. Respondent has established that petitioner knew that he was required to file correct income tax returns and that he knew that the returns filed were incorrect. Respondent relies chiefly on the increases in petitioner's net worth to establish his case. This method has often been used successfully in the establishment of fraud. The undisputed facts above set out convince us beyond any doubt that petitioner knowingly, deliberately, and with fraudulent intent, understated his income in each of the taxable years and therefore that petitioner should suffer the penalty of an addition of 50 per cent to his tax liability. If petitioner had any countervailing evidence, it was his duty and privilege to present it. This he did not do. We accordingly find on clear and convincing evidence that petitioner, with intent to evade tax due and to defraud the Government, was guilty of understating his income for each of the taxable years 1943 to 1949, inclusive. The additions to the tax are justified and respondent is sustained. *133 Decisions will be entered under Rule 50.